CARL THOR ET AL.

v.

OLE OLESON ET AL.

*Husband and Wife—Real Property—Secret Trust—Equitable Estoppel —Evidence.*

Upon a bill filed by creditors of the estate of defendant's deceased wife to subject certain real estate, standing of record in his name, to the payment of their claims, it is *held:* That the complainants have failed to show that the property in question was purchased with the wife's money, or to make out an equitable estoppel; and that the evidence sustains the decree of the court below for the defendant.

[Opinion filed December 7, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. I. K. BOYESEN and JOHN LYLE KING, for appellants.

Messrs. FRANK J. CRAWFORD and B. F. RICHOLSON, for appellees.

*Per Curiam.*   The bill in this case, which was dismissed on hearing by the Circuit Court, was filed by appellants, who were creditors of the estate of Mrs. Martine Oleson, to subject certain real estate which stands of record in the name of Ole Oleson, the surviving husband of Martine Oleson, to the payment of appellants' claims against her estate, on the ground, as alleged, that though the land was deeded, when purchased, to said Ole Oleson and has always stood in his name, yet it was purchased with the money of said Martine Oleson, and the title taken and held by said Ole Oleson in secret trust for her.   The bill also goes upon the further theory that if the property was in fact purchased with the money of Ole Oleson, yet he allowed said Martine to treat it and deal with it in her lifetime as her own property; that she made the leases to the tenants and collected the rents, and made improvements and repairs upon the property and by her apparent ownership of it established a reputation for wealth which enabled her to have credit and to incur the indebtedness which she owed to the different appellants.   The evidence on all the various issues of fact arising upon the hearing is very voluminous and very conflicting, and we think it would subserve no useful purpose for us to enter into an elaborate discussion of it.   It was incumbent on the complainant to make out by the evidence such facts as would sustain either the one or the other of the theories advanced by the bill, and after a careful examination of the evidence contained in the record, and full consideration of the elaborate and able argument of the counsel for appellants, we are not able to say that the court below erred in the conclusion reached.

We are of opinion that complainants have not made out that the property in question was purchased with the money of said Martine Oleson, deceased, by any such preponderance of the evidence as would justify this court in reversing the finding of the chancellor who heard the case in the court below, and found that issue against the complainants.

On the question whether the appellee allowed his wife to so deal with the property as to hold her out as the apparent owner of it and estop him from denying, as against her creditors, that she was the owner of it in fact, the case presents some

singular and unusual phases, and the proof establishes several elements that go to support complainants' theory. But in our opinion there are elements necessary to make out an equitable estoppel as against appellee, that are wholly wanting.

There is no evidence showing any fraudulent misrepresentations as to the title by appellee, to induce appellants to give credit to his wife upon it. His submission to the dictation and control of a termagant wife was for the sake of his own peace and not for the purpose of representing her as the owner of land.

His title was of record, and complainants neither examined the record nor inquired of him as to the ownership. He did no act to conceal the truth from them and they were themselves negligent in not learning what the record would show them. His silence under the circumstances disclosed is not to be punished by the application to him of the doctrine of equitable estoppel.

We are of opinion that the decree of the court below was right under the facts shown by the evidence, and the same will therefore be affirmed.

*Decree affirmed.*